# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID RICHARD WELLER, <br><br> Defendant. | CASE NO. CR15-390 MJP <br><br> ORDER ON DEFENDANT'S MOTION "FOR IMMEDIATE SUBROGATION & EXONERATION OR IN THE ALTERNATIVE VACATE VOID JUDGMENT" |

On July 10, 2019, Defendant, appearing *pro se*[1], filed a pleading which he entitled "Demand for Immediate Subrogation & Exoneration or In the Alternative Vacate Void Judgment." Dkt. No. 70. The Court has reviewed Defendant's briefing, the Government's response (Dkt. No. 76), defense counsel's Supplemental Memo (Dkt. No. 79), and Defendant's reply brief (Dkt. No. 80). To the extent that the Court can discern the nature of Defendant's motion, it is DENIED.

---

[1] According to a Supplemental Memo filed by the Federal Public Defender's Office (which previously represented Defendant), neither Defendant nor the BOP institution have responded to FPD's requests for contact. *See* Dkt. No. 79, Supplemental Memo at 2. Unless Defendant indicates otherwise, the Court will presume that he intends to proceed without representation.

The principal tenet of Defendant's thesis is that, lacking subject matter jurisdiction, this Court had no authority to enter a judgment against him. The Court's jurisdiction over violations of federal criminal law stems from the United States Constitution and clear Congressional mandate. *See* U.S. Constitution, Article I, § 8 and Article II, § 1; Dowling v. United States, 473 U.S. 207, 213 (1985); United States v. Hudson, 11 U.S. 32, 32 (1812); 18 U.S.C. § 3231. Defendant's claim that this Court lacked jurisdiction over him is without merit.[2]

Based on the agreements entered into by Defendant at the time of his sentencing (*see* Dkt. No. 30 at 11-12), his only avenue for challenging his conviction lays with 28 U.S.C. § 2255. There is a one-year statute of limitations for filing under that provision; the Governments asserts that Defendant's one-year period expired on December 15, 2017. In the absence of any claim that there is newly-discovered evidence, or a right newly recognized by the Supreme Court, Defendant is not entitled to any extension of that limitations period, nor has he claimed any. The Court declines the Federal Defender's invitation to permit Defendant to respond further to that argument; he clearly read the Government's response before filing his reply brief and chose not to challenge the timeliness argument, thereby conceding its merit.

## Conclusion

Defendant's argument that this Court lacked jurisdiction to sentence him is without merit. By operation of the limitations period, he has lost the ability to challenge his conviction via habeas petition. His motion to this Court is DENIED.

---

[2] The Court cites and adopts by reference the extensive research and rebuttal to Defendant's various legal theories contained in the Government's responsive brief. *See* Dkt. No. 76 at 3-8.

ORDER ON DEFENDANT'S MOTION "FOR IMMEDIATE SUBROGATION & EXONERATION OR IN THE ALTERNATIVE VACATE VOID JUDGMENT" - 2

The clerk is ordered to provide copies of this order to Defendant and all counsel.

Dated August 28, 2019.

*[signature]*

Marsha J. Pechman
United States Senior District Judge