UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID RICHARD WELLER,<br><br>　　　　　　Defendant. | CASE NO. CR15-390 MJP<br><br>ORDER ON MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1) |

The above-entitled Court, having received and reviewed:

1. Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. No. 84),

2. Government's Response to Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. No. 89),

3. Defendant's Reply to Government's Response to Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. No. 94),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

1     IT IS ORDERED that the motion is DENIED.

2     Defendant pleaded guilty to possession of child pornography and failure to register as a sex offender, and was sentenced by this Court on August 16, 2016 to ten years of imprisonment to be followed by supervised release for the remainder of his life. Three conditions must be met before a previously imposed sentence may be reduced:

    (1) The inmate must have exhausted administrative review of the failure of the Bureau of Prisons to motion to reduce on its own initiative, or waited until a lapse of 30 days after the request was made to the warden of his or her facility (whichever is earlier);

    (2) The inmate has presented extraordinary and compelling reasons for the reduction; and

    (3) The reduction must be consistent with the Sentencing Commission's policy statement found at USSG § 1B1.13[1].

18 U.S.C § 3582(c)(1)(A).

    The Sentencing Commission's policy statement is binding on this Court. <u>Dillon v. United States</u>, 560 U.S. 817, 827 (2010). Defendant is neither 70 years old nor has he served 30 years in prison; if he is to qualify, he is first required to present "extraordinary and compelling" circumstances, defined as "suffering from a terminal illness," "a serious physical or medical condition," or "experiencing deteriorating physical or mental health because of the aging

---

[1] Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
**(1)**
**(A)** extraordinary and compelling reasons warrant the reduction; or
**(B)** the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
**(2)** the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
**(3)** the reduction is consistent with this policy statement.
18 USCS Appx § 1B1.13

process;" or prove that he is at least 65 years old, "experiencing a serious deterioration in physical or mental health because of the aging process," and has served 10 years or three-quarters of his or her sentence. USSG § 1B1.13 cmt. n.1.

At first glance, Defendant meets none of the stated criteria. He is 56 years old and, except for suffering from obesity, has an unremarkable medical history. However (as the Government concedes), obesity has been recognized as a risk factor for COVID-19 and the Department of Justice has concluded that having one of CDC-recognized risk factors qualifies as an "extraordinary and compelling reason." Nevertheless, the policy requires that he still must meet the additional requirement of establishing that he "is not a danger to the safety of any other person or to the community."

It is the finding of this Court that Defendant's prior history – twice absconding from supervision and fleeing the jurisdiction, failing to register as a sex offender, and attempting to procure false identification so he could escape to Canada, all the while continuing to accumulate graphic and disturbing child pornography – combined with his refusal to accept responsibility for his behavior and his diagnosis of narcissistic personality disorder with antisocial traits, all point to one inescapable conclusion: Defendant is both a flight and a re-offense risk and continues to pose a danger to the community.

Having failed to meet the conditions set by statute for compassionate release, Defendant's motion must be DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 1, 2020.

Marsha J. Pechman
United States Senior District Judge